THE STATE vs. WHITMORE.

*November 14 — December 3, 1889.*

*Life insurance: Benevolent Odd Fellows association: Exemption from general laws: Statute construed.*

The National Benevolent Association of Minneapolis, Minnesota, being "an Odd Fellows association duly incorporated under the laws of Minnesota for the purpose of fraternal benevolent insurance upon the co-operative or assessment plan among the members of the Independent Order of Odd Fellows," is one of the "charitable and benevolent orders of . . . Odd Fellows," within the meaning of ch. 204, Laws of 1879, and is exempted from the provisions of the general laws relating to life insurance.

REPORTED from the Municipal Court of *Rock* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The district attorney of Rock county presented an information in the municipal court of Rock county against the defendant for acting as an agent of the "National Benevolent Association of Minneapolis, Minnesota," without first procuring from the commissioner of insurance a certificate of authority, as provided by law. The following is a copy of the information: "*State of Wisconsin against E. W. Whitmore.* I, B. M. Malone, district attorney for Rock county, Wis., hereby inform the court that on the 24th day of April, 1889, at the village of Evansville in said county and state, *E. W. Whitmore* did act and aid as agent of the National Benevolent Association of Minneapolis, in transacting the business of and with such corporation, in placing risks and effecting insurance, without first procuring from the commissioner of insurance a certificate of authority as provided by law; the said National Benevolent Association of Minneapolis not being a town insurance corporation of this state, and not having a license from the commissioner of insurance authorizing it to issue policies

of insurance in this state, and not being named in the list of insurance companies named in ch. 534, Laws of 1887, as not being life insurance companies in the sense and meaning of the general law of the state relating to life insurance companies,— against the peace and dignity of the state of Wisconsin.   B. M. MALONE, District attorney for Rock county, Wis.   Dated May 9, 1889."

The defendant appeared in court, and pleaded not guilty to the information.   The defendant waived a trial by jury, and submitted to a trial by the court.

The case was tried upon a stipulation in writing of the facts, as follows: " It is hereby stipulated, by and between B. M. Malone, district attorney for Rock county, Wis., and Geo. F. Getty, on behalf of the defendant, the respective attorneys of the above-named parties, that *E. W. Whitmore*, on April 24th, 1889, was an agent of the National Benevolent Association of Minneapolis, Minnesota, which is an Odd Fellows' association, duly incorporated under the laws of Minnesota for the purpose of fraternal benevolent insurance upon the co-operative or assessment plan among the members of the Independent Order of Odd Fellows, and that on the 24th day of April, 1889, said *E. W. Whitmore* was, as such agent, aiding and acting in the business of said association in the county of Rock and state of Wisconsin, by procuring an application for insurance in said association from Bro. Wilbur T. Hoxie, a member of the Independent Order of Odd Fellows.   That on August 3, 1887, said association, in response to a letter to the insurance department of the state of Wisconsin, as to whether it could do business in said state without complying with the general insurance laws, received from said insurance department the following letter: ' State of Wisconsin, Department of Insurance.   Madison, Wis., Aug. 3d, 1887.   Geo. F. Getty, Minneapolis, Minn.— Dear Sir: Your company, the Odd Fellows National Benevolent Association, is exempt from

paying taxes usual to life insurance companies by sec. 1, ch. 204, General Laws of 1879, amended by ch. 246, Laws of 1881, and ch. 249, Laws of 1882. Yours truly, ARTHUR CHEEK, Deputy Com. of Insurance.' That prior to said letter it had been the practice of said department, and the construction of the laws of this state by it, that all Odd Fellows and Masonic insurance associations were exempt from the operation of the general insurance laws; and that said association, after the receipt of said letter, secured in the state of Wisconsin more than one thousand applications for insurance in such association, and issued certificates of membership to the applicants. That such persons, as well as all the members of said association, are Odd Fellows. That in March, 1888, said association was notified, through said insurance department, not to do business in said state of Wisconsin. That said association is not named by corporate name in ch. 534, Laws of 1887. That said agent *E. W. Whitmore* had no certificate of authority from said insurance department, and that said association has no special license from the insurance department, and that 'Odd Fellows' and 'Independent Order of Odd Fellows' refer to the same secret organization. B. M. MALONE, Dist. Attorney for Rock county. GEO. F. GETTY, Attorney for Defendant."

On the statement of facts the defendant moved the court to dismiss the action for the reason that the facts do not warrant a conviction. The motion was denied, and the defendant excepted. Thereupon the municipal judge, having doubts as to the defendant's liability to the penalty provided in sec. 4, ch. 240, Laws of 1880, reported to this court for its decision the following question: "Upon the facts found is the defendant liable to a penalty as provided in section 4 of chapter 240 of the General Laws of Wisconsin passed in 1880? The aforesaid question being, in my mind, so doubtful as to require the decision of the supreme court, and the defendant requesting it, I, the undersigned judge

of the municipal court for Rock county, hereby respectfully report the case to the supreme court, and request their decision upon said question. H. A. PATTERSON, Municipal Judge."

The cause was submitted for the plaintiff on the brief of *The Attorney General* and *L. K. Luse*, Assistant Attorney General, and for the defendant on the briefs of *Geo. F. Getty*.

Counsel for defendant cited *State v. Mut. P. Asso.* 26 Ohio St. 19; *Comm. v. Nat. Mut. Aid Asso.* 94 Pa. St. 481; *Commercial L. Asso. v. People*, 90 Ill. 166; *State v. Bankers' & M. M. B. Asso.* 23 Kan. 499; *Supreme Council O. C. F. v. Fairman*, 62 How. Pr. 386; *Sherman v. Comm.* 82 Ky. 102; *Elsey v. Odd Fellows' M. R. Asso.* 142 Mass. 224; *Barbaro v. Occidental Grove No. 16*, 4 Mo. App. 429; *State ex rel. Auditor v. Iowa M. A. Asso.* 59 Iowa, 125; *State ex rel. Bradford v. Nat. Asso. F. & M. M. Aid Asso.* 35 Kan. 51.

TAYLOR, J. Sec. 1978, R. S. 1878, defines what are to be considered insurance corporations in this state. It reads as follows: "No corporation, association, partnership, or individual shall do any business of insurance of any kind, or make any guaranty, contract, or pledge for the payment of annuities or endowments, or money to the families or representatives of any policy or certificate holder, or the like, in this state, or with any resident of this state, except according to the conditions and restrictions of these statutes; and the term insurance corporation, as used in this chapter, may be taken to embrace every corporation, association, partnership, or individual engaging in any such business." Sec. 4, ch. 240, Laws of 1880, reads as follows: "No officer or broker, agent or subagent, of any insurance corporation of any kind, except town insurance corporations of this state, shall act or aid in any manner in trans-

acting the business of or with such corporation, in placing risks or effecting insurance therein, without first procuring from the commissioner of insurance a certificate of authority as provided by law, nor after the period named in such certificate shall have expired. Every person violating the provisions of this section shall be guilty of a misdemeanor, and be punished by a fine of not less than fifty nor more than five hundred dollars for each offense."

The stipulation of facts in this case very clearly shows that the defendant was acting as an insurance agent in this state, within the provisions of the section of the statutes last above quoted, and for an insurance corporation, within the meaning of the section first quoted, and without having a certificate of authority from the insurance commissioner. We do not deem it necessary to discuss the question whether the "National Benevolent Association of Minneapolis, Minnesota," which is an Odd Fellows association, duly incorporated under the laws of Minnesota for the purpose of fraternal benevolent insurance upon the co-operative or assessment plan among the members of the Independent Odd Fellows, is an "insurance corporation," within the meaning of the section of our statutes above quoted. To us it seems perfectly clear that it is an insurance corporation, within the letter and spirit of said section. The defendant was therefore guilty of violating the provisions of said sec. 4, ch. 240, Laws of 1880, unless, by some other statute of the state, the corporation mentioned is taken out of the provisions of said sec. 1978, R. S., above quoted.

It is claimed by the learned counsel for the defendant that this corporation is taken out of the provisions of said sec. 1978, R. S., by the provisions of ch. 204, Laws of 1879. The first section of this act provides as follows: " The secret, beneficiary, charitable, and benevolent orders of Free Masons, Odd Fellows, Knights of Pythias," etc. (naming a large number of secret and benevolent organizations),

"are hereby declared not to be life insurance companies, in the sense and meaning of the general laws of this state relating to life insurance and life insurance companies, and such societies, orders, and associations are and shall hereafter be exempt from the provisions of said general laws aforesaid." The provisions of this section have been extended from time to time to other societies and organizations not mentioned in said sec. 1, ch. 204, Laws of 1879, by amendments to the section. See ch. 246, Laws of 1881; ch. 249, Laws of 1882; ch. 94, Laws of 1883; ch. 458, Laws of 1885; and chapters 42, 198, 509, 534, Laws of 1887. The last clause of the section was amended by ch. 249, Laws of 1882, so as to read as follows: "Are hereby declared not to be life insurance companies in the sense and meaning of the general laws of the state relating to life insurance companies, and no other orders, societies, or associations are hereby declared to be exempt from the provisions of the general insurance laws of this state." This clause of the section has not been changed since 1882.

It is urged by the learned attorney general that, because the particular association of Odd Fellows named in the information is not mentioned in said section, such association of Odd Fellows is not exempted from the general provisions of the statutes in relation to assurance. We think this is too restricted a construction of the section. The section does not exempt any particular association or order of Odd Fellows, but it exempts all the charitable and benevolent orders of Odd Fellows. The state admits that the corporation the defendant represented was the "National Benevolent Association of Minneapolis, Minnesota," and that such association is an Odd Fellows association, duly incorporated under the laws of Minnesota for the purpose of fraternal benevolent insurance upon the co-operative or assessment plan among members of the Independent Order of Odd Fellows. We think this statement of the character, business,

and objects of the corporation shows that it is one of the charitable and benevolent orders 'of Odd Fellows, and is therefore included in the provisions of said section. We are the more readily inclined to give this construction to this statute, because it seems to be the policy of the state to relieve all insurance organizations from the restrictions of the general statutes regulating insurance companies in this state, which are organized on the co-operative plan and not for profit. This is evident from the fact that in 1882 the legislature gave a discretionary power to extend the exemptions made by ch. 204, Laws of 1879, as amended, to all companies and corporations organized under the laws of this state, which are not stock corporations, and issue policies or contracts of insurance solely to their members, and not for profit, but at the actual expense thereof as a mutual benevolent or charitable undertaking, and raise the funds for such insurance by a fixed assessment on each member when they are actually needed to fulfil the policies. And sec. 1, ch. 334, Laws of 1889, clearly recognizes the fact that there are and may be associations doing an insurance business in this state, which are declared to be fraternal and not insurance corporations, within the meaning of the general laws of this state. This section gives the insurance commissioner a supervision over such associations to some extent. This act also recognizes the fact that some of these associations may not be incorporated under the laws of this state, as the act requires each such association, other than those of Wisconsin, to appoint in writing the commissioner as its attorney upon whom legal process may be served.

It is urged by the learned attorney general that, for anything appearing in this case, the association for which the defendant was acting might have been an association of men wholly unconnected with the order of Odd Fellows, and their only connection with them was that they insured no persons except members of the order of Odd Fellows.

The admission of the state, we think, repels this presumption. It admits that such association is an Odd Fellows association, duly incorporated, etc. This, we think, admits that the association is composed of members of the order, and was organized in their interests and for the purposes of the order.

*By the Court.*— Upon the facts admitted, the question submitted to us by the learned municipal judge is answered in the negative. The clerk of this court will certify our answer to the question to the municipal court of Rock county for further proceedings.